UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
IN RE PELOTON INTERACTIVE, INC., :
DERIVATIVE LITIGATION :
                                                                                                                            **DECISION AND ORDER**
:
:                  21-CV-2862 (PK)
:
:
------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

       Alan Chu, Moshe Genack, Xingqi Liu, and Anthony Franchi (collectively, "Plaintiffs") have moved for final approval of the parties' settlement and for entry of final judgment. ("Motion," Dkt. 49.) The Court previously granted Plaintiffs' Motion for Preliminary Settlement Approval. ("Preliminary Approval Order," Dkt. 47.) The parties have consented to the jurisdiction of a United States Magistrate Judge. (*See* Dkts. 53, 55.) For the reasons stated below, the Motion is granted.

## BACKGROUND AND PROCEDURAL HISTORY

       The Court assumes familiarity with the underlying facts in this action as set forth in the Preliminary Approval Order. In this consolidated derivative action[1] on behalf of Peloton Interactive, Inc. ("Peloton" or the "Company"), Plaintiffs have asserted claims against the Individual Defendants[2] (together with Peloton, the "Defendants"), alleging breaches of fiduciary duty and related claims under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, for making materially false and misleading statements, failing to maintain adequate internal controls, and failing to remedy a dangerous product, the Tread+ treadmill. (Complaint, Dkt. 1.)

---

[1] This action was commenced by Alan Chu on May 20, 2021 and, in December 2021, was recaptioned to its present caption and consolidated with four related actions, *Genack v. Foley, et al.*, No. 21-CV-4583 (CBA)(PK) (E.D.N.Y.); *Liu v. Foley, et al.*, No. 21-CV-4687 (CBA)(PK) (E.D.N.Y.); and *Franchi v. Blachford, et al.*, No. 21-CV-6544 (CBA)(PK) (E.D.N.Y.) (*see* Dkt. 22).

[2] The "Individual Defendants" are Erik Blachford, Karen Boone, Jon Callaghan, Thomas Cortese, Howard Draft, John Foley, Mariana Garavaglia, Hisao Kushi, Jay Hoag, William Lynch, Pamela Thomas-Graham, and Jill Woodworth.

The primary benefit achieved in the settlement (*see* "Agreement" or "Stipulation," Ex. 1 to Declaration of Timothy Brown ("Brown Decl."), Dkt. 46-1) is a series of corporate governance reforms (the "Enhancements," Ex. A to Declaration of Timothy Brown, Dkt. 46-1 at 33) that are designed to prevent "acts similar to the allegations asserted [in this action] from occurring in the future . . . ." (Mot. at 2). The parties also negotiated separately an agreement in which Defendants will pay Plaintiffs $1,750,000 (the "Fee and Expense Amount"), which includes attorneys' fees and costs to Plaintiffs' Counsel and service awards to Plaintiffs. (*Id.* at 3.)

In preliminarily approving the settlement, the Court concluded that the "benefits achieved by the settlement are reasonable, especially when viewed against the potential risks of continued litigation." (Prelim. Approval Order at 11.)

## DISCUSSION

In accordance with the Preliminary Approval Order, Plaintiffs "disseminated and published the Notice on April 25, 2025" (Mot. at 4), which included filing Form 8-K with the United States Securities and Exchange Commission and publishing the notice over GlobeNewswire and via an internet page accessible through Peloton's website (*see* Agmt. § IV, ¶ 3.3). Having already found that these "forms of dissemination satisfy the requirements of Rule 23.1" (Prelim. Approval Order at 12), the Court finds that Plaintiffs have given due and adequate notice to all Peloton stockholders.

On May 23, 2025, Plaintiffs filed the Motion, and Defendants have not opposed or otherwise objected to the requests for attorneys' fees, costs, or service payments. The Court held a final settlement approval hearing on June 13, 2025. No current Peloton stockholder objected to the settlement by the May 30, 2025 deadline (*see* Pls. Reply, Dkt. 52), and no stockholder objections were raised at the final approval hearing (*see* June 13, 2025 Min. Entry and Order).

Plaintiffs seek approval of the $1,750,000 Fee and Expense Amount to be paid to Plaintiffs' Counsel. (Mot. at 3.) Plaintiffs contend that this amount, which was "separately negotiated" from

the Enhancements (*id.* at 20), is fair and reasonable for several reasons.  First, "[t]he fee negotiations were conducted at arm's-length and with assistance of an experienced mediator." (*Id.* at 21.)  Second, the fees "are commensurate with the substantial economic value [the Enhancements] convey on [Peloton]." (*Id.* at 22); *see, e.g.*, *In re Fab Universal Corp. S'holder Derivative Litig.* ("*In re Fab*"), 148 F. Supp. 3d 277, 283 (S.D.N.Y. 2015) ("It is by now . . . well established that an award of counsel fees is only justified where the derivative action results in a substantial non-monetary benefit to a corporation." (quoting *Kaplan v. Rand,* 192 F.3d 60, 69 (2d Cir. 1999)).  Finally, Plaintiffs' counsel's lodestar is $2,215,321.75, which, when divided by the amount of fees requested, $1,689,095.69, yields a multiplier of .76.  (*See* Mot. at 26.)  This is well within or even below the range of multipliers typically approved in this Circuit.  *See, e.g.*, *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG), 2010 WL 2653354, at *5 (E.D.N.Y. June 24, 2010) (collecting cases); *In re Fab*, 148 F. Supp. 3d at 283 (same).

The Court finds the requested award of attorneys' fees to be fair and reasonable.

Plaintiffs seek approval of service awards in the amount of $1,500 for each Plaintiff, which are also approved as fair and reasonable.  *See, e.g.*, *In re Fab Universal*, 148 F. Supp. 3d at 285 (awarding each plaintiff $2,500 service award); *In re CPI Aerostructures S'holder Derivative Litig.*, No. 12-CV-2092 (ENV)(CLP), 2023 WL 2969279, at *10 (E.D.N.Y. Feb. 14, 2023) (awarding each plaintiff $1,500 service award).

Having considered the Motion, the supporting declarations, the arguments presented at the June 13, 2025 hearing, and the complete record in this matter, for good cause shown, the Court: (i) grants final approval of the settlement as memorialized in the Settlement Agreement; (ii) approves service awards to each Plaintiff in the amount of $1,500, for a total of $10,500; and (iii) approves an award of attorneys' fees of $1,689,095.69 and costs of $50,404.31.

Accordingly, a final judgment and order is entered as follows:

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:

1. This Decision and Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless separately defined herein.

2. The Court finds that the settlement as set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of Peloton and its stockholders.

3. This action and all claims contained therein, as well as all of the Released Claims against Released Persons, are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Upon the Effective Date,[3] the Releasing Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) and the Released Persons from any and all derivative claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Derivative Actions or that could have been asserted in the Derivative Actions.

5. Except as set forth in paragraph 5.3 of the Stipulation, upon the Effective Date, Peloton and each of Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs, Plaintiffs' Related Persons, and Plaintiffs' Counsel from all claims (including claims related to Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

---

[3] The "Effective Date" occurs when all the "Conditions of Settlement" have been satisfied, including, *inter alia*, dismissing with prejudice this action and other associated derivative actions. (Stip. § 4, ¶ 1.14.)

6. During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and all other similar laws or statutes, including Rule 11 of the Rules for the Delaware Court of Chancery.

7. The Court approves the Fee and Expense Amount for the payment of Plaintiffs' Counsel's attorneys' fees and expenses in the Derivative Actions, and finds that the Fee and Expense Amount is fair and reasonable. No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

8. The Court approves the service awards of $1,500 for each of the Plaintiffs to be paid from the Fee and Expense Amount in recognition of Plaintiffs' participation and effort in the prosecution of the Derivative Actions.

9. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties or any other Person as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

10. The Released Persons may file the Stipulation and/or the Judgment, and file or reference acts performed or documents executed pursuant to or in furtherance of the Stipulation and/or the Judgment: (i) in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim

preclusion or issue preclusion or similar defense or counterclaim; (ii) in furtherance of the Settlement contemplated in the Stipulation; and (iii) in any action to enforce the Settlement.

11. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, the Court approves the Stipulation and Settlement in all respects, and directs the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

12. This Judgment is a final judgment, and the Court finds that no just reason exists for delay in entering the Judgment in accordance with the Stipulation.  Accordingly, the Clerk is respectfully directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure and close this case.

SO ORDERED:

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         July 1, 2025